# United States District Court
## Northern District of California

**FILED**
JUN 2 - 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>v.<br>CRAIG CREAMER aka Reginald Burton | **JUDGMENT IN A CRIMINAL CASE**<br><br>USDC Case Number: CR-08-00207-001 WDB<br>BOP Case Number: DCAN408CR000207-001<br>USM Number: 91014-111<br>Defendant's Attorney: THERESA A. GIBBONS, Retained Attorney |

**THE DEFENDANT:**

[X]   pleaded guilty to count: <u>one of the Information</u>.
[ ]   pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| Title 18, United States Code Sec. 641 | Theft of Government Property | On or about and between 1989 and October, 2007 | One |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on count(s) ___.

[ ]   Count(s) ___ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

June 2, 2008
Date of Imposition of Judgment

_____
Signature of Judicial Officer

**Honorable Wayne D. Brazil**, U. S. Magistrate Judge
Name & Title of Judicial Officer

6-2-08
Date

DEFENDANT:      CRAIG CREAMER aka Reginald Burton              Judgment - Page 2 of 6
CASE NUMBER:    CR-08-00207-001 WDB

**The defendant waived the presentence report. The government agreed to immediate sentencing of the defendant.**

# PROBATION

The defendant is hereby sentenced to probation for a term of **Five (5) years**.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and two periodic drug tests thereafter.

[X]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[X]     The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)

[ ]     The defendant shall cooperate in the collection of DNA as direct as directed by the probation officer. (Check if applicable.)

[ ]     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as direct by the probation officer. (Check if applicable.)

[ ]     The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well with any additional conditions in this judgment.
Any appearance bond filed on behalf of the defendant is hereby exonerated.

## STANDARD CONDITIONS

1) The defendant shall not leave the judicial district without permission of the court or probation officer;
2) The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) (CAND Rev. 3/07) Judgment in a Criminal Case - Probation

| | | |
|---|---|---|
| DEFENDANT: | CRAIG CREAMER aka Reginald Burton | Judgment - Page 3 of 6 |
| CASE NUMBER: | CR-08-00207-001 WDB | |

# SPECIAL CONDITIONS OF PROBATION

While the defendant is on probation pursuant to this Judgment, the defendant shall not commit another federal, state, or local crime, shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following special conditions:

1. The defendant shall pay to the United States a special assessment in the amount of Twenty Five Dollars ($25.00) that is imposed by this Judgment which shall be due by 4:00 p.m. on June 2, 2008.

2. The defendant shall provide the government or United States Probation Officer with access to any requested financial information, including tax returns, submit sworn statements and give depositions under oath concerning his assets and his ability to pay, surrender assets, if any, he obtained as a result of his crimes, and release funds and property under his control in order to pay any fine, restitution, or forfeiture, and authorize the government and United States Probation Officer to conduct credit checks and obtain copies of income tax returns.

3. The defendant shall pay restitution in the amount of One Hundred Forty Nine Thousand Seven Hundred and Nine Dollars and Four Cents ($149,709.04) to Social Security Administration. *[**Note**: Assistant United States Attorney Maureen Bessette told Court that an amount of Two Hundred Fifty Two Dollars ($252.00) is automatically being taken out monthly by Social Security Administration from the defendant's monthly benefits that he receives from Social Security Administration as payment towards his restitution].* The defendant shall pay each month toward his restitution obligation the amount that the Social Security Administration determines he can afford to have withheld from what would otherwise be his monthly entitlement from that Administration. Defendant will be deemed to satisfy his restitution obligations under this Judgment and Sentence by paying each month the amount withheld by the Social Security Administration. Should that amount be increased to a level that the defendant feels he cannot afford, he may ask this Court, by written petition, to determine whether a lower monthly payment would be sufficient to meet the restitution requirements imposed by this Sentence. Any such determination would govern only the defendant's restitution obligation and would not restrict the Social Security Administration's discretion to determine independently how much to withhold from defendant's monthly check(s).

    Because the defendant does not have the ability to pay a fine, no fine is imposed.

DEFENDANT: CRAIG CREAMER aka Reginald Burton  
CASE NUMBER: CR-08-00207-001 WDB

Judgment - Page 4 of 6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 25.00 | $ 0.00 | $ 149,709.04 |

[ ] The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[X] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Social Security Administration | 149,709.04 | 149,709.04 | |
| Totals: | $ 149,709.04 | $ 149,709.04 | |

[X] Restitution amount ordered pursuant to plea agreement $ 149,709.04

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [ ] the interest requirement is waived for the    [ ] fine    [ ] restitution.

    [ ] the interest requirement for the    [ ] fine    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:        CRAIG CREAMER aka Reginald Burton            Judgment - Page 5 of 6
CASE NUMBER:      CR-08-00207-001 WDB

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [X] Lump sum payment of special assessment in the amount of $25.00 due by 4:00 p.m. on June 2, 2008

   [ ] not later than ____, or

   [ ] in accordance with ( ) C, ( ) D, ( ) E or ( ) F below; or

B  [ ] Payment to begin immediately (may be combined with ( ) C, ( ) D, or ( ) F below); or

C  [ ] Payment in equal ____ (e.g. weekly, monthly, quarterly) installments of $ ____ over a period of ___ (e.g., months or years), to commence ___ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ] Payment in equal ____ (e.g. weekly, monthly, quarterly) installments of $ ____ over a period of ___ (e.g., months or years), to commence ___ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ] Payment during the term of supervised release will commence within (e,g, 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [X] Special instructions regarding the payment of restitution:
       The defendant shall pay restitution in the amount of One Hundred Forty Nine Thousand Seven Hundred and Nine Dollars and Four Cents ($149,709.04) to Social Security Administration.  *[**Note**: Assistant United States Attorney Maureen Bessette told Court that an amount of Two Hundred Fifty Two Dollars ($252.00) is automatically being taken out monthly by Social Security Administration from the defendant's monthly benefits that he receives from Social Security Administration as payment towards his restitution].* The defendant shall pay each month toward his restitution obligation the amount that the Social Security Administration determines he can afford to have withheld from what would otherwise be his monthly entitlement from that Administration. Defendant will be deemed to satisfy his restitution obligations under this Judgment and Sentence by paying each month the amount withheld by the Social Security Administration. Should that amount be increased to a level that the defendant feels he cannot afford, he may ask this Court, by written petition, to determine whether a lower monthly payment would be sufficient to meet the restitution requirements imposed by this Sentence. Any such determination would govern only the defendant's restitution obligation and would not restrict the Social Security Administration's discretion to determine independently how much to withhold from defendant's monthly check(s).

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:        CRAIG CREAMER aka Reginald Burton           Judgment - Page 6 of 6
CASE NUMBER:      CR-08-00207-001 WDB

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
|  |  |  |  |  |

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.